UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK ALAN TUSING,

    Plaintiff,

    v.   CAUSE NO. 3:19-CV-999-JD-MGG

SAINT JOSEPH COUNTY, et al.,

    Defendants.

OPINION AND ORDER

Mark Alan Tusing, a prisoner without a lawyer, filed an amended complaint (ECF 8) against St. Joseph County, the St. Joseph County Sheriff, and Beacon Medical Group. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Tusing, who is housed at the St. Joseph County Jail, alleges that, on August 6, 2019, during intake, Nurse Jeff told him that his cast had to be removed from his left arm even though Nurse Jeff knew he had two broken bones in his left wrist that had been healing for about a month. (ECF 8 at 2.) He claims that Nurse Jeff forcibly grabbed and twisted his left arm and wrist when he removed the cast, which caused the bones in

his left wrist to break again. (*Id*.) When Nurse Jeff realized that he had broken Tusing's wrist, he attempted to put the cast back on Tusing's wrist, but he put it on backwards, causing Tusing pain and discomfort. (*Id*.) Tusing claims he then grabbed the cast away from Nurse Jeff and put it on his wrist himself and told Nurse Jeff to get away from him. (*Id*.) He states he was then placed in a one-man cell for six to seven days and never received any medical treatment for his painful wrist. (*Id*.) Tusing claims that even after he was placed in a medical holding cell, he did not receive medical treatment. (*Id*.) He states that after he was in the medical holding cell for three days, he was arraigned on his state charges and told the judge who presided over his arraignment that his wrist was broken, and he needed medical assistance. (*Id*.) The judge ordered a medical evaluation and the examining doctor determined that the bones in Tusing's wrist were broken and crushed. (*Id*. at 2-3.) He was given a new cast and prescribed 5,000 units of Vitamin D weekly to help his wrist heal. (*Id*. at 3.) However, Tusing claims that he only received the prescribed Vitamin D once and the pain in his left wrist and arm continued to be unbearable. (*Id*.) He states that the doctor replaced his cast, but he still has limited use of his left wrist as a result of Nurse Jeff rebreaking the bones in his wrist. (*Id*.)

While his allegations are concerning, Tusing has not stated a claim against the defendants he has named in this lawsuit. He first sues St. Joseph County asserting that the county failed to maintain the jail in a constitutional manner and knew that Beacon Medical Group provided substandard medical care but failed to do anything about it. (ECF 8-1 at 5.) Tusing is also suing Beacon Medical Group because it employs the jail's

2

medical staff, which he claims were deliberately indifferent to his medical needs. (*Id*. at 8-1 at 1, 5.)

Notably, these two defendants are not individuals; instead St. Joseph County is a governmental entity and Beacon Medical Group is a corporate entity. These entities "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather liability exists only when the execution of a policy or custom inflicts the injury. *Id.* These defendants may be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* The policy must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Absent an unconstitutional policy, liability may be established with a showing of "a widespread practice that, although not authorized by written law or express . . . policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Because Tusing has failed to allege that St. Joseph County and Beacon Medical Group have a policy or practice of ignoring requests for medical treatment or failing to provide adequate medical treatment, he cannot proceed against these two defendants.

Tusing is also suing the St. Joseph County Sheriff in his official and individual capacities alleging that he failed to provide adequate medical services for prisoners. (ECF 8-1 at 2, 5.) "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) "[A]n official capacity suit will be presumed when

3

the indicia of an official policy or custom are present in the complaint." *Id*. at 1373. Nothing in Tusing's amended complaint suggests that the St. Joseph County Sheriff's alleged failure to provide medical care to prisoners was the result of an official policy or custom established or sanctioned by the Sheriff. Therefore, he may not proceed against the St. Joseph County Sheriff with his official capacity claim.

Furthermore, to the extent Tusing is suing the St. Joseph County Sheriff in his individual capacity, he has not alleged that the Sheriff was, in some way, personally involved or participated in his medical care. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). In other words, "[p]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because Tusing has not alleged that the St. Joseph County Sheriff was personally involved in Tusing's medical care, he cannot state an individual capacity claim against him.

Finally, while Tusing asserts that Nurse Jeff rebroke the bones in his left wrist when he forcibly grabbed and twisted his left arm and wrist to remove his cast, he has not named him as a defendant in this lawsuit.

While the complaint does not state a claim, Tusing will be given an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

4

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Mark Alan Tusing;

(2) GRANTS Mark Alan Tusing until **August 14, 2020**, to file an amended complaint on that form; and

(3) CAUTIONS Mark Alan Tusing that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on July 13, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT